Good morning, Your Honor. May it please the Court, Scott Davenport for the Defendants and Appellants, City of Gardena. I'd like to reserve three minutes of my time. Your Honor, when the District Court granted the media organizations motions to unseal the confidential police video, in one fell swoop it did four things. It caused irreparable injury to my clients, it rendered the appeal moot, it violated our fundamental right to appellate review, and it denied this Court its proper appellate jurisdiction. Can I ask you a question? I'm very concerned about jurisdiction here. And I have two questions. One is, if I'm reading your briefs correctly, you're characterizing the appeal as arguing that the District Court abused its discretion in denying the motion for a temporary stay of unsealing the video's pending appeal. Do I understand that correctly? Correct, Your Honor. Okay, then my second question is, in order, your argument that it's not moot because it's capable of repetition evading review, there would have to be a reasonable expectation, or sometimes we say a demonstrated probability, that the same complaining party will be subject to the same action again. I didn't see that argument in your briefs. I'm not sure how to respond to that, Your Honor. Anytime you have a post-judgment order that would cause irreparable injury, and it is immediately acted upon, that is something that will always evade appellate review. Right, but how do I know it's going to happen to the City of Gardena again? I didn't see those arguments, at least not expressly, in your brief. Well, I think it could happen to the City of Gardena. I think it could happen to any agency, and I think it's bigger, frankly, than the four corners of this case, which involves law enforcement. It could happen in any number of situations, and guidance from this Court is necessary under those circumstances. So you didn't put anything in the record that would show why the City of Gardena has a reasonable expectation that you would be subject to the same action again, that a district court would deny the motion for temporary stay of unsealing videos or other sensitive documents pending appeal? Well, I think that any attempt to do that would have been deemed speculative. It's hard to say what's going to happen in the future in any particular case. I do know that body-worn cameras are out there. I think we're going to be seeing more of these types of cases, not less, as cell phones are ubiquitous. But, you know, frankly, Your Honor, like I said, it's bigger than this case, and it could happen in other situations. I'm sorry, Your Honor. Mr. Kleinfeld had a question. I'm sorry, Your Honor. Counsel, I think the origin of the phrasing that you were just discussing with Judge Acutis, capable of repetition yet evading review, and the reference in the cases to same party, what that's for is when a party moots out something by saying, oh, they're sued for an injunction, and before the court can grant the injunction, they say, oh, we've cured it, we've cured it, we've done just what the plaintiff wanted. And at that point, it looks reasonably likely that that same party is going to do the same enjoinable conduct again. Here, it is, as you say, purely speculative whether anything will arise regarding the city of Gardena again. I also wonder whether the capable of repetition part is problematic, because the cases can differ so much. I don't know quite how grand you want our holding, if we don't dismiss this moot, to be on stay orders and movies of police-citizen encounters. Well, I think that that's an excellent observation, because to a certain extent, the answer we get is going to depend on the question that we ask in this case. If we slice it very narrowly in terms of, is this police video going to get released again? Well, it can't. It's already been released. It's already gone viral. If we slice it that narrow, then the case is moot, and that's the end of it. But if we take a more expansive view at it from 30,000 feet, and we look at this and we say, what happens in a situation where you have a litigant who is subject to irreparable injury? And not necessarily in the police context. It could be anything. As I said in the papers, it could be, we're talking about cutting down a 100-year-old oak tree or demolishing a historic building. I don't know if a litigant is going to be subject to the irreparable injury exactly. I mean, it's a little hard to say from the briefing what the irreparable injury is, but I think what the briefing is suggesting is that the video might be inflammatory and there might be riots. Have I got that right? That's right. And part of this is we have to remember back two years ago in context when we did have riots in other parts of the country. And we did have officers who were minding their own business and assassinated walking down the street. So it was a very real concern at the time that this was in front of Judge Wilson. And there was only a cursory argument for the stay below, as I recall. And there was no affidavit, no analysis of the four-part test. There wasn't anything that I remember saying the video shows all this bad stuff that's likely to cause riots if people see it. I don't know why we should expand upon that and speculate on whether there would be something about this case that was common to others. Well, again, like I said, Your Honor, I think it depends on how narrowly you slice it. If you want to slice it that thinly, it would be very easy for the court to say this is moot and it's not going to come up again. I think the real troubling aspect is when you go to a client and you say, look, we've obtained a Ninth Circuit stay. And we are going to have our day in court. There is a process for hearing a dispute. And then you find out that the district court judge on his own has released the video, knowing that the stay request was coming in. And honestly, the record shows that we did everything as humanly possible in terms of getting the stay order before the court. But why isn't it a one-off situation, though? The capable repetition evading review is not meant to apply broadly. In the future, there very well may be situations where the district judge would give you sufficient time to file an emergency motion before the release of privileged information. Right here, it just, by happenstance, it was just a very narrow window of time that despite your best efforts, the video was released before you obtained the stay from this court. So how do we know that there's reasonable expectation that that's going to routinely reoccur? Because I think that's the whole point of this case. And I'm actually, I want to be clear, I'm not saying that the media organizations did anything wrong. They really didn't. They moved to unseal the court. To move to unseal the documents, they were released, and they ran with them. And that's what a lot of attorneys would do, and they took an opportunity of a window there. But it might not necessarily be this. It could be, can we roll the wrecking ball right now? Can we remove life support right now? And the answer is yes, you can. There's no stay. We had a five-minute delay in getting a notice of appeal on file, and that wasn't enough. By the time the court opened up the file here, our stay request was in 18 minutes, and Judge Kaczynski granted it just a few minutes later. So I think it's a little bit of a whitewash on history to say that there wasn't a sufficient showing that was made, because this court granted a stay. And I don't really understand the prejudice to the media organizations, because this was a two-year-old shooting at the time. And they didn't move to unseal it any time before this hearing. And then we couldn't delay a day or two days to get a stay request on file. Again, like I said, they didn't do anything wrong. They went with the position they had, and that's what a lot of, you know, that's what actually most attorneys who were advising their clients' best interests would do. So let me, assuming that we got to the merits and we decided that it wasn't moot, you would have had to show likelihood of success on the merits for preventing the unsealing and showing compelling reasons. And we've said that embarrassment, incrimination, or exposure to further litigation is not enough. What compelling reasons that meet our standard did you show, if we were going to say the district court abused its discretion in not staying pending appeal? Well, I think it's the same showing we made in our emergency stay motion that was filed with this court and that was granted. Well, the court, as I read the court's order, our order was a stay so that we could figure out whether you were entitled to a stay or not. I mean, we didn't address the merits of your, of the district court's stay. And I'm sorry to interrupt. That really is all we wanted, Your Honor, is we wanted the process to play itself out. You know, if there's a dispute, you go before a tribunal. If you lose at the tribunal, you take it up on appeal. There is a process that happens. And what happened in this case, it was really anathema to all of that. That's not part of the four-part test, though. I'm sorry? That's not part of the four-part test. I think Judge Fukuda's question is more narrowly focused. I understand your position, Your Honor. And it's not a position that my client agrees with. That's all I can say. Well, the Supreme Court is the one who said these are what you need for a stay. It has to meet these four requirements. And giving a chance for a higher court to consider the case is not part of what the Supreme Court says merits a stay. Again, Your Honor, I would repeat it. It's a bit of a walk back from what did happen because we would have liked the opportunity to make that showing at this court. I think we did at the preliminary level. And that was really all we were looking for is a shot to brief this. I think that that is all that any litigant coming before this court wants is an opportunity to brief it. I see I'm running low. If I'm going to reserve any time, I'm going to pass it. All right. May it please the Court. Kelly Sager for the media interveners and appellees. There is no live controversy presented by this case. The city defendants have conceded that the ceiling issue is moot because the video was released more than 15 months ago. The city doesn't even address the ceiling issues in any of its papers to this court. It's not completely clear what the city is asking. Well, Your Honor, I think it isn't completely clear, but it's pretty clear. What they want is some language in a judicial decision saying you don't just release these videos from police shootings without going through a trial court and an appellate court because they may cause riots. Well, Your Honor, what it appears to be. I'd appreciate it if you would address it. A lot of people died and a lot of people were injured and a lot of people had property destroyed in riots resulting from videos over the last two or three years. And it does seem like if this case isn't moot, we can't pretend we don't know that. Your Honor, there are specific requirements that the U.S. Supreme Court and this court have identified for any party wanting a stay of a district court order. And the district court addressed those in his order. The city chose not to do so. The city's request for a stay consisted of three paragraphs, one of which was a repeat of one of the prior paragraphs. So two paragraphs asking the district court to stay his order even though they knew... ...about whether release of videos of police shootings should not go through a judicial process before being released so that the public interest can be adequately weighed. I don't know if we'll get there, but on the off chance or maybe it's not an off chance that we do, I want some help thinking about it. Absolutely, Your Honor. And in addressing the assumption that the release of a police video automatically will lead to widespread riots and destruction, I would suggest... That's not exactly the question. It's whether automatic release of a video has a reasonable likelihood of leading to riots and destruction. Do you understand the difference? I do, Your Honor, but the automatic release part is what I would take issue with. Because the assumption the city makes is that Judge Wilson did not consider, did nothing to look at the record. If all we're looking at is Judge Wilson and the Gardena police shooting and video, it's moot. I ask you a broader question, but I've given you two chances to answer it. This is the third, and then I'll forget about it. Okay, Your Honor. If the question is, as I understand it, whether in every case should this court have to weigh in on whether a police video should be released to the public, I would argue there's no law that supports that. Okay, thanks. I just wanted to know if you had something to say about how the procedure ought to be to have three chances to talk about the public interest and chose not to. That's okay. I'm sorry, Your Honor. I'm clearly frustrating you, and I'm trying to answer the question. No, that's all right. I have tried. These kinds of videos have been released routinely in many cases. So the district court released the video at a time when he knew the Ninth Circuit, that a motion before the Ninth Circuit was not only pending, but it was in motion. And so I understand Gardena's frustration that they had done everything necessary within minutes to ensure Ninth Circuit review. The Ninth Circuit agreed to review, and the district court nevertheless released the videos, which then mooted the appeal. And so the question is, was that an abuse of discretion? And that's the issue, as I understand it, that Gardena argues is capable of repetition yet evading review. So I think it's a fair question. I don't know whether the winter standard would say that's an abuse of discretion, whether it would take into account the fact that an appeal was pending. But certainly we take that seriously, that we thought it was important or valid enough to agree to review the case. So it's an abuse of discretion on the part of the district court to release the video, thus mooting our jurisdiction under those circumstances. And, Your Honor, where a district court is faced with a notice of appeal being filed, the question is, does that then require the district court to essentially issue a stay? The filing of a notice of appeal does not divest the district court of its jurisdiction to do an unsealing order, for example. And if this court were to rule that it does, then that not only turns on its head the law regarding stays, which says there is no automatic right to a stay. The city concedes that fact. They had the burden of showing to the district court that there was a basis for a stay. And they put nothing in their papers explaining to Judge Wilson why he should grant a stay. Even knowing the day of the hearing that Judge Wilson was inclined to release the video, they didn't file anything supplemental with Judge Wilson explaining why there was any basis for granting a stay. The four-part test is never mentioned in their papers, was never mentioned at the hearing. So the filing of a notice of appeal, they apparently feel, is enough to put a district judge on notice that they should not then unseal court records, even though there's been no showing in the district court that there is any reason not to release a video that was part of a court file. I thought their argument before the district court indicated they had a likelihood of success on the merits. They argued why they thought they met the compelling reasons standard, and they argued that if it were released, there would be riots or police would not want to use their body cams. They gave some reasons for that. They argued those in connection with whether there was a basis for keeping it. Well, but it was all in the same motion, right? It was before the district court. It isn't like it was mysterious what their arguments were as to why it's a bad idea to release the video. They argued that they had a likelihood of success, which Judge Wilson found was completely unsupported by the case law. In fact, he said that the law was clear, that they did not have a basis for sealing a record that was filed in a court, which they, by the way, chose to file in a court file. They didn't have to file that with summary judgment, but they chose to do that. They didn't have to take the position that they did in the litigation. They could have settled the case even prior to litigation, but instead, after 18 months of litigation, they apparently felt that they had a right to agree to keep a court document sealed. But that's not what the law says. With respect to the injury that might result, which they argued only in connection with whether there was a compelling interest to justify sealing, they presented no evidence. They simply said, well, it's a police video, and that might lead to riots, even though the shooting in question was two years earlier, and there was nothing in the record that suggested there would be any kind of public outcry about the video that was released that would lead to violent action. In fact, the record shows that that didn't happen. So the idea that you should never release a police video because people might be upset by it, that people might riot in the streets, or that they will therefore commit violence, is not supported by any evidence in the record. And with respect to the knowledge that this court has, as counsel has, that there have been protests against police because of police shootings, by and large, the reaction from the public has been outrage at police shootings that are completely unexplained. The city apparently believed that the video would exonerate the officers. They filed it with the court in support of their motion for summary judgment. Yet they didn't release it to the public and took great efforts to try to settle the case so that the public would never know what actually happened. That's what this case is really about. And the question that they've asked this court to address, whether they should get an automatic stay, notwithstanding the Supreme Court authority that says you have no right to an automatic stay, notwithstanding the fact that they didn't take the time to actually go through any of the factors or discuss whether there was a basis for the stay, that they nonetheless say that the presumption of public openness of court records should be turned on its head if the records in question are simply asserted to be the kind of record that might cause someone to be upset enough to commit violence without any evidence whatsoever. And yet, when this court is faced with that, there's no law that supports the city's appeal here either, setting aside jurisdiction here, on any of the grounds that would require Judge Wilson to have stayed his order. Judge Kaczynski issued a stay based on their assertion that something bad was about to happen. He had apparently 18 or 19 minutes to act and did so without the benefit of any response on the stay from opposing counsel. So the idea that that order somehow suggested that Judge Wilson acted improvidently or didn't have the authority to do what he did, I think is a gross overstating of what Judge Kaczynski's order said. He simply was trying to preserve the status quo. Why shouldn't we consider expanding the capable of repetition, yet evading review to persons other than the particular defendant in the case? Well, in the first place, Your Honor, that limited exception has never been applied more broadly than a party. And it's intended to address a very specific situation where something is so inherently incapable of being subject to review because of a limited duration that that particular scenario suggests. Well, isn't that true when you deny the motion for a temporary stay of unsealing privileged or controversial information? Because in every case, either the appellate court will act in time, in which case the district court's denial of a motion to stay pending appeal would be moot, or, as in this case, the appellate court won't act in time, in which case the release of the information will moot it. So it is inherently evading review. My question, though, is whether it's capable of repetition to this party. And I guess we could infer that the city of Gardena has a police department which uses body cams, and we can take notice that they will probably be recording other incidents of interest to the news media. So why isn't the specific appeal, which I stated at the beginning, which is did the district court abuse its discretion in denying the motion for a temporary stay of unsealing a video pending appeal, why isn't that capable of repetition yet evading review, even with respect to the city of Gardena? Well, there's nothing in the record, Your Honor, that suggests that the city of Gardena has ever faced this situation before or anticipates that it will face the situation precisely as it unfolded here. Why shouldn't the rule be interpreted as your adversary urges, so that just as there's an automatic 10-day stay in a money judgment case so that the losing party can try to arrange a supersedious bond, just automatic stay of other decisions of a district court so that they can be reviewed, except when exigent circumstances of some sort make that undesirable? Why shouldn't there be a presumption of a stay? Otherwise, a district judge can always prevent appellate review of his decision by not staying it if it's a disclosure decision. And it's not just police riots. It's all sorts of cases, intellectual property that's secret, trade secrets, all sorts of stuff that routinely comes up with stays, such as disclosure of things regarding educational practices. A lot comes up with stays, such as names in criminal cases. What they're really asking this court to do is reverse the constitutional presumption of openness of court records and proceedings. Oh, that's not an absolute presumption. For example, all sorts of stuff in criminal cases is secret, such as pre-sentence reports, and a lot of the reason is to protect snitches, because as soon as the media gets hold, for example, of a snitch's name and prints it, he runs a high risk of death. It's not true that everything is open. Well, Your Honor, with respect to the records at issue here, I don't think there's any, there's certainly no case law cited, nor has the city contested that these kinds of records are subject to the constitution. I know you want to talk about that, but I'm giving you an opportunity to address something that's on my mind. Last time you rejected it three times. This time you only get to reject it twice. Do you want to talk to me about, and do you have something to say, about whether we ought to interpret the rules in such a way as to create a presumption of a stay, of disclosure orders so that they can be subjected to review? Yes, Your Honor, I would like to address that, and I think there are two reasons why the court should not do that, actually three. One is it is not up to this court to add new rules to the rules of either the Ninth Circle or the Central District. That may be something that could be considered, but there is a process for doing that that is not before this court. It is not up to this court to legislate or to issue advisory opinions or to make new rules, and that's what the city is asking this court to do. Then that's an improper request to this court, and there are other avenues that they can pursue if they want to do that. The second reason is both the law on stays and the laws on access to court records are completely inconsistent with what the city is asking this court to do. There is a process for seeking a stay, and there are specific requirements for getting a stay. And for the court to then impose essentially an automatic right to a stay would fly in the face of the U.S. Supreme Court's decision in the, I don't know how to pronounce it, the Ken case, N-K-E-N, which says that there is no automatic right to a stay, and the city concedes that. That would be exactly the opposite of this court saying, but everything should be stayed if there's any release of information, then there should be an automatic stay. And third, even though, with due respect, Your Honor, is right that not every document that a court has is subject to an automatic right under the First Amendment or the common law. There are categories of documents where that constitutional and common law presumption exists. And what the city is asking this court to do is to reverse that presumption and say that you automatically get sealing, you automatically get an order staying any unsealing or refusal to seal in every case. And what that means from a practical standpoint is every time a party wants to seal a document and the district court says no, an appeal is going to be filed with this court and a period of time equal to or greater than six months to three years is going to pass before that record is unsealed because it will be stayed. And that's simply inconsistent with the constitutional guidelines and the common law. You can't have a situation where a district judge who read the record and acted within Article III authority is somehow then told that his authority doesn't exist, but instead he has to wait until an appellate court reviews his authority to determine whether or not he acted appropriately. There may be situations where a district judge has acted inappropriately, but with due respect, I don't think that's this case. They have the burden of putting before Judge Wilson if just the final basis... You're over time now. Can you wrap up, please? Certainly, Your Honor. And I'm just simply saying they had the burden of justifying to Judge Wilson their position and a request for a stay, and they did not do that. For them to then be unhappy at the result doesn't justify a change in the rules or in this court's jurisprudence. Thank you. You have some time remaining. I'll go quickly because I don't have much. Your Honor, in the last argument we talked about empiric victory. This one really is a loss either way. Our client has already had these records released, and there's nothing we can do about it. What they did do is they went forward because they were very concerned about this happening, not just to other law enforcement agencies, but to other individuals and other entities in the future. When I told them that we had obtained a stay, they were very happy. They said, okay, we'll get our shot with the Ninth Circuit. He actually called me and said, the L.A. Times has published this information. How can I do that? And I said, they can't. And then we got to the bottom of it and we saw what happened. And they said, how can this happen? Isn't there a process for this? And I said, well, there sort of is. If this were a final judgment, there would be the automatic stay. If the L.A. Times would have sued us directly to try to get these things released, and there would have been a judgment, there would have been an automatic stay. But that's not what happened. It piggybacked onto an existing case, became a post-judgment order, and that rule, as interpreted now, at least by Judge Wilson, only applied to final judgments. It did not apply to post-judgment orders. And that's why we're here. And by the way, while we're out talking about the stand or the showing we would have had to make, honestly, there is no standing or there's no showing that we could have made that would have justified a stay in Judge Wilson's mind. Because when we did raise these issues, they were met with comments like, I have two words for you, so what? And that's not the court's concern. So they're really, I mean, we're talking about an abuse of discretion. It's clearly been established. But I think it's more fundamental than that because when you have this right to have a higher court take a look at something, you're not just talking about an abuse of discretion type standard, you're talking about a more fundamental constitutional type error that existed. One last word about the showing that was made. A lot of this, Your Honors, you have to remember in context. When we talk about the probability of an incident, of a riot, of something that was going on, that was going on every day, and it was in everybody's hearts and minds at the time of the hearing. The temperature has changed now. We're talking about different issues now. But if we were to say right now, if the president were to sign another executive order and you'd have protests in the street, everyone would nod their heads and accept that because that is what's going on right now. At the time of this hearing, there were riots, there were protests, and there was criminal activities. There was looting, there was killing, there were burning places down. You had officers that were in fear for their safety, and this was a very real concern that was met with not just a rejection of this, but just churlishness on the part of the district court that said things like, I have two words for you, so what? So I just think that the district court and the federal courts can do better than this, and they have to do better than this. I see my time's up. Thank you very much. Thank you. All right. The case of Endez v. The City of Gardena is submitted.
judges: Kleinfeld, Ikuta, Nguyen